James Kachmar, State Bar No. 216781
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California  95814
Telephone:   916/558-6000
Facsimile:    916/446-1611

Attorneys for Defendants/Cross-Defendants
JACK CRAWFORD, JR., JACOB JORGENSEN and
HENRY MONTGOMERY, and for Cross-Defendants
VELOCITY VENTURE CAPITAL, LLC, VELOCITY VC
MANAGEMENT II, LLC and VELOCITY VC PARTNERS II, L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. ALBERTS and BRIAN CAMERON,<br><br>Plaintiffs,<br><br>v.<br><br>RAZOR AUDIO, INC., a Delaware corporation; TOM ALBERTS, individually; JACK CRAWFORD, JR., individually; JACOB JORGENSEN, individually; HENRY MONTGOMERY, individually; and DOES 5 through 10, inclusive,<br><br>Defendants. | Case No. 2:10-CV-01215-KJM-DAD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-DEFENDANT HENRY MONTGOMERY'S MOTION TO DISMISS CROSS-CLAIM**<br><br>[F.R.C.P. Rule 12(b)(6)]<br><br>Date:  April 27, 2011<br>Time:  10:00 a.m.<br>Courtroom:  3<br>Judge:  Hon. Kimberly J. Mueller |
| THOMAS ALBERTS, an individual;<br><br>Cross-Claimant,<br>v.<br><br>JACK CRAWFORD, JR., an individual; JACOB JORGENSEN, an individual; HENRY MONTGOMERY, an individual; VELOCITY VENTURE CAPITAL, LLC, a Delaware Limited Liability Company; VELOCITY VC MANAGEMENT II, LLC, a Delaware Limited Liability Company; VELOCITY VC PARTNERS, II, L.P., a Delaware Limited Liability Partnership; RAZOR AUDIO, INC., a Delaware Corporation; DLA PIPER, RUDNICK GRAY CARY US, a Limited Liability Partnership; GILLES ATTIA, an individual; DAVID RICHARDSON, an individual; and ROES 1-20;<br><br>Cross-Defendants. | |

{1295501.DOC;}

I.   INTRODUCTION

This motion is based on the simple fact that the cross-claim does not contain any allegations that Henry Montgomery ("Montgomery") engaged in any wrongdoing. It does not state any claims against Montgomery as a matter of law. Therefore, even assuming that all of the allegations in the Cross-claim are true (which, of course, they are not), Montgomery is entitled to dismissal of the claims against him with prejudice under Rule 12(b)(6).

Cross-claimant's claims for common law fraud and securities fraud all fail for the same reason: they do not allege that Montgomery made any misrepresentations to cross-claimant that he relied on to his detriment. In fact, the cross-claim does not allege that Montgomery made any representations at all! Further, the mere allegation that Montgomery may have held the position of chief financial officer in one or more of the cross-defendant entities is insufficient to state a cause of action for "controlling person" liability. (See discussion, *infra*, at §§II.D. and II.F.) Thus, cross-claimant's 1st, 4th, 5th, 6th, and 7th causes of action against Montgomery should be dismissed as a matter of law.

As to cross-claimant's breach of fiduciary duty claims against Montgomery, they also fail as a matter of law because there are no allegations that demonstrate that Montgomery owed cross-claimant any fiduciary duty. Thus, the 2nd and 3rd causes of action against Montgomery should be dismissed with prejudice.

Finally, cross-claimant's breach of contract claim against Montgomery fails as a matter of law. There is not a single allegation in the cross-claim that Montgomery entered into any contract with cross-claimant. Cross-claimant's 8th cause of action against Montgomery likewise fails as a matter of law and should be dismissed.

II.   LEGAL AUTHORITIES AND ARGUMENT

A.   The Claim For Common Law Fraud Against Montgomery Should Be Dismissed Because it Fails to Allege that Montgomery made any Misrepresentations.

The first cause of action against Montgomery for common law fraud fails to state a cause of action against Montgomery because there are no allegations that Montgomery made any misrepresentations. In making a claim for fraud, cross-claimant must plead the

circumstances surrounding the "fraud" with particularity. (F.C.R.P. 9(b).) Allegations that are vague or merely conclusory do not satisfy the particularity requirement of Rule 9(b). (*Moore v. Kayport Package Express, Inc.* (9th Cir. 1989) 885 F2d 531, 540; *Padayachi v. IndyMac Bank*, 2010 U.S. Dist. LEXIS 120963, **5, 6 (N.D. Cal. 2010).) Pleading fraud with "particularity" requires that the cross-claim specify the alleged fraudulent representations or omissions, allege that the same were false when made, identify the speaker, state when and where the statements or omissions were made, and state the manner in which the representations or omissions were false and misleading. (*In re GlenFed, Inc. Secur. Litig.* (9th Cir. 1994) 42 F.3d 1541, 1547; *Tate v. Indy Mac Bank FSB*, 2010 U.S. Dist. LEXIS 98006, **8, 9 (C.D. Cal. 2010).)

The fraud claim against Montgomery is not pled with any particularity. In fact, the cross-claim does not allege that Montgomery made a single misrepresentation (or any representations at all) that cross-claimant relied on. (See Cross-Claim, Dckt. # 22, filed Feb. 3, 2011.) In addition to failing to allege a single fraudulent statement or omission by Montgomery, the cross-claim also fails to state when and where the alleged fraud of Montgomery occurred or how any statements or omissions were misleading. (See *id.*) Given the failure to allege that Montgomery made any misrepresentations, the cross-claim's first cause of action against Montgomery should be dismissed with prejudice.

**B.   The Claims for Breach of Fiduciary Duty Must Be Dismissed as there are no Facts Alleged that Montgomery Owed Cross-claimant any Fiduciary Duty.**

The second and third causes of action claim that Montgomery owed cross-claimant a fiduciary duty, which he allegedly breached. (See, e.g., Cross-Claim, ¶¶ 104-105.) To establish such a breach of fiduciary duty, cross-claimant must establish: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage. (*Pellegrini v. Weiss (2008) 165 Cal. App. 4th 515, 524; see also Condos. Ass'n v. Bruner*, 2011 U.S. Dist. LEXIS 16017 (E.D. Cal. Feb. 16, 2011).)

The breach of fiduciary duty claims against Montgomery fail as a matter of law because the factual allegations do not establish that Montgomery owed him a fiduciary duty. An essential element for a breach of fiduciary duty claim is the existence of a fiduciary duty.

(*Slovensky v. Friedman* (2006) 142 Cal.App.4th 1518, 1534.)  A fiduciary duty arises where a "confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." (*Pierce v. Lyman* (1991) 1 Cal. App. 4th 1093, 1101-02.)  As such, a fiduciary duty requires a fiduciary relationship. (*Oates v. City of Lincoln* (2001) 93 Cal.App.4th 25, 35; see also *Traverso v. Eller Media Co.*, 2002 U.S. Dist. LEXIS 5036 (N.D. Cal. 2002).)

The cross-claim does not allege any facts that could be construed as establishing a fiduciary duty between Montgomery and cross-claimant.  Cross-claimant alleges that "cross-defendants", including Montgomery presumably, owed him a fiduciary duty because: (1) he "reposed great trust and confidence in CROSS-DEFENDANTS at the time he was induced to leave his employment at Intel Corporation and make investments for the benefit of CROSS-DEFENDANTS"; and (2) "CROSS-DEFENDANTS were in complete control of RAZOR's Board of Directors." (Cross-claim, ¶ 104.)  Neither of these allegations establish that Montgomery owed cross-claimant a fiduciary duty.  First, cross-claimant does not allege anywhere in the cross-claim that he ever spoke with or communicated with Montgomery prior to his decision to leave his Intel employment or make any investments.  (See Cross-claim.)  Second, the cross-claim does not allege anywhere that Montgomery was ever on the Board of Directors of Razor Audio, Inc. ("Razor").  In fact, cross-claimant admits that Montgomery did not become Razor's chief financial officer until March 14, 2008 – nearly one year after cross-claimant left Intel, seven months <u>after</u> cross-claimant signed his letter of intent to become Razor's CEO, and three months <u>after</u> cross-claimant signed his employment agreement with Razor and made his initial investment in Razor.  (See Cross-claim, ¶ 58; see also *id.*, ¶¶ 46, 48, 49-50.)

Where there is no position of trust, there can be no fiduciary duty.  (*Pierce, supra,* 1 Cal. App. 4th at 1101-02.)  Accordingly, cross-claimant's breach of fiduciary duty claims (the 2nd and 3rd causes of action) against Montgomery must be dismissed for failure to state a claim for which relief can be granted.

///

C. **The Claim for Securities Fraud under § 10(b) and Rule 10b-5 Must Be Dismissed Because there is no allegation that Montgomery Made Any Misrepresentation to Cross-claimant.**

The 4th cause of action claims that "cross-defendants" are liable for securities fraud because they made misstatements, misrepresentations, and omissions of material fact. (See Cross-claim, ¶¶ 118-119.) As shown above, however, the Cross-claim does not contain a single allegation as to what representations, if any, were made by Montgomery, when they were made, or how they were fraudulent. Thus, the claim fails as a matter of law.

Rule 10b-5 states that it shall be unlawful for any person to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." (17 C.F.R. § 240.10b-5.) As such, in order to establish a claim under Section 10(b), Plaintiff must plead and prove the following elements: (1) use or employment of any manipulative or deceptive device or contrivance to materially misrepresent or omit a fact; (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) loss causation; and (6) economic loss. (*Desai v. Deutsche Bank Securities Ltd.* (9th Cir. 2009) 573 F.3d 931, 939; *In re: Daou Systems, Inc.* (9th Cir. 2005) 411 F.3d 1006, 1014.)

Claims brought under Rule 10b-5 and section 10(b) must meet the particularly requirements of F.R.C.P. 9(b), which states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularly." (See F.R.C.P 9(b).) Moreover, a securities fraud complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." (*Gompper v. VISX, Inc.* (9th Cir. 2002) 298 F.3d 892, 892 (quoting 15 U.S.C. § 78u-4(b)(1)).)

Here, the cross-claim fails to allege a single misrepresentation that Montgomery allegedly made (or any representations at all). As cross-claimant fails to allege Montgomery made a single misrepresentation, and a complaint alleging securities fraud must specify each misleading statement allegedly made, his fourth cause of action against Montgomery should

be dismissed.

### D. The Claim for Securities Fraud under § 20(a) Must Be Dismissed Because There are no Factual Allegations to State a Claim that Montgomery was a "Controlling Person."

The fifth cause of action against Montgomery must be dismissed under Rule 12(b)(6) because there are no factual allegations to establish Montgomery acted as a "controlling person" at Razor. Section 20(a) of the Securities and Exchanges Act of 1934 states: "Every person who, directly or indirectly, controls any person liable under any provision of this title or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action." (15 U.S.C. § 78t(a).) Under Section 20(a), to establish "controlling person" liability for securities fraud, the plaintiff must show that (1) a "primary violation was committed," and (2) the defendant "directly or indirectly controlled [the] violator." (*Paracor Fin. Inc. v. Gen'l Elec. Capital Corp.* (9th Cir. 1996) 96 F.3d 1151; see also *Hollinger v. Titan Capital Corp.* (9th Cir. 1990) 914 F.2d 1564, 1575, *cert. denied*, 499 U.S. 976 (1991).)

As such, simply alleging a defendant's position within a company, like is being attempted here, is insufficient. (*In re Atmel Corp. Derivative Litig.*, 2008 U.S. Dist. LEXIS 91909 *31-32 (N.D. Cal. June 25, 2008); see also *In re Splash Tech. Holdings, Inc. Sec. Litig.*, No. C 99-00109, 2000 U.S. Dist. LEXIS 15370, 2000 WL 1727405 at *16 (N.D. Cal. Sept. 29, 2000) ("The mere fact that an individual is a director of a firm is not sufficient to show he is a control person of the firm.").) This is because in order to meet the requirements of F.C.R.P. 9(b) and the Private Securities Litigation Act, "plaintiffs are required to 'plead the circumstances of the control relationship with particularity.'" (*In re Atmel Corp. Derivative Litig.*, *supra*, 2008 U.S. Dist. LEXIS 91909 at 10-11.) Where a plaintiff does not meet this pleading standard, a cause of action should be dismissed. (*Id.*)

Here, the cross-claim does not contain any factual allegations that Montgomery was a controlling person. (See Cross-claim.) While cross-claimant alleges Montgomery became

employed as the CFO of Razor (at least four months <u>after</u> cross-claimant was hired as its CEO), cross-claimant makes no other references to establish Montgomery was involved in the day-to-day activities of Razor or that he held any power to control corporate actions.  Merely alleging that Montgomery was a CFO does not state a cause of action for controlling person liability.  (See *In re Atmel Corp. Derivative Litig.*, *supra*, at *31-32.)  This Court should dismiss the fifth cause of action against Montgomery for failure to state a claim.

E. **The Claim for Violation of §§ 25401 and 25501 Should Be Dismissed Because there are no Allegations that Montgomery Made Any Misrepresentations.**

The sixth cause of action for securities fraud under California Corporations Code sections 25401 and 25501 against Montgomery must also be dismissed for failing to state a claim.  Section 25401 prohibits the offer, sale or purchase of a security through communications that include an untrue statement or omit a material fact, while section 25501 provides the remedies available to a plaintiff victimized by a violation of section 25401 and includes a suit for damages or rescission.  However, as shown above, the cross-claim fails to allege that any misrepresentations were made by Montgomery.

In order to establish a violation of sections 25401 and 25501, cross-claimant must plead and prove the following elements:  (1) the offer or sale of a security or purchase (or the offer to purchase a security by means of any written or oral communication); (2) that an untrue statement of a material fact was made or that there was an omission of a material fact; (3) that the misrepresentation and/or omission took place "within the state" of California; and (4) the existence of a privity between the seller and the purchaser.  (Cal. Corp. Code, § 25401; *Apollo Capital Fund LLC v. Roth Capital Partners, LLC* (2007) 158 Cal.App.4th 226, 253-254 (2007).) The misrepresentations and omissions alleged must be with respect to "material facts"—i.e., facts that a reasonable investor would consider to be important in deciding whether to invest. (*Id*.)

Just as cross-claimant's 4th cause of action under section 10(b) should be dismissed for failing to allege any misrepresentation by Montgomery (see Section II.C, above), so must the sixth cause of action be dismissed.  Moreover, not only does cross-claimant fail to allege any

misrepresentation by Montgomery with any particularity, he also fails to demonstrate that Montgomery made any material misrepresentation that actually enticed him to invest. Accordingly, the sixth cause of action should be dismissed with prejudice for failing to state a claim.

### F. The Seventh Cause of Action for Violation of § 25504 Should Be Dismissed Because there are no Factual Allegations to Establish Montgomery Was a Controlling Person.

Similarly to his fifth cause of action, cross-claimant's seventh cause of action against Montgomery must be dismissed for failing to establish Montgomery was a controlling person. Section 25504 of the California Corporation Code provides: "Every person who directly or indirectly controls a person liable under Section 25501 or 25503, every partner in a firm so liable, every principal, executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, every employee of a person so liable who materially aids in the act or transaction constituting the violation, and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist." (Cal. Corp. Code § 25504.)  Thus, to establish "control person" liability under section 25504, a plaintiff must plead that the defendant was in control of a person liable under sections 25501 or 25503.  (*Bains v. Moores* (2009) 172 Cal. App. 4th 445, 479.)

In addition to establish liability, a cause of action for Section 25504 will fail if the alleged control person had "no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist." (Cal. Corp. Code § 25504). Therefore, to assert a claim under section 25504, cross-claimant must demonstrate that Montgomery had knowledge of the alleged violation of California's securities laws. (See *Durham v. Kelly* (9th Cir. 1987) 810 F.2d 1500, 1505 (concluding that a plaintiff could not establish liability under Section 25504 against the director of a corporation where evidence showed only that he "had actual power or influence over general corporate affairs" but not

that the defendant had knowledge of the alleged illegal activity.") (citations omitted)).  As discussed in Section III.E above, cross-claimant has failed to allege facts with any sort of particularity that Montgomery was a "controlling person."  He has also failed to allege facts that show that Montgomery had any of knowledge of any violations of California securities laws.  Accordingly, cross-claimant cannot establish a violation of Section 25504 as a matter of law, and his seventh cause of action must be dismissed with prejudice.

### G. The Eighth Cause of Action for Breach of Contract Must Be Dismissed Because there is no Allegation that there was a Contract between Montgomery and Cross-claimant.

The eighth cause of action must be dismissed against Montgomery for failure to state a claim for the simple reason that the cross-claim fails to allege the existence of a contract between Montgomery and Cross-claimant.  In California, a complaint for breach of contract must include the following: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach.  (*CDF Firefighters v. Maldonado* (2008) 158 Cal. App. 4th 1226; see also *Kingsburg Apple Packers, Inc. v. Ballantine Produce Co.*, 2011 U.S. Dist. LEXIS 25983 (E.D. Cal. Feb. 16, 2011)).

Here, the cross-claim does not contain any allegations that cross-claimant entered into a contract with Montgomery.  Rather, cross-claimant alleges that he entered into an employment contract with Razor.  (See Cross-claim, ¶ 138.)[1]  Thus, the allegations in the cross-claim make clear that no contract existed between Montgomery and cross-claimant and his eighth cause of action fails as a matter of law.  The Court should dismiss the eighth cause of action with prejudice.

///
///
///
///

---

[1] Cross-claimant admits that Montgomery became employed by Razor as its CFO months after cross-claimant entered into this agreement with Razor becoming its CEO.  (See Cross-claim, ¶¶ 48-49, 58.)

III.   CONCLUSION

For the foregoing reasons, Montgomery respectfully requests that the Court dismiss the cross-claim against him with prejudice as it fails to state any claim for which relief can be granted.

Respectfully submitted.

Dated:  March 21, 2011            **WEINTRAUB GENSHLEA CHEDIAK**
a law corporation

By:     /s/ - James Kachmar
         James Kachmar

Attorneys for Defendants/Cross-Defendants JACK CRAWFORD, JR., JACOB JORGENSEN and HENRY MONTGOMERY; and for Cross-Defendants VELOCITY VENTURE CAPITAL, LLC, VELOCITY VC MANAGEMENT II, LLC and VELOCITY VC PARTNERS II, L.P.